UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| ERNEST DUGAR III<br><br>Plaintiff,<br><br>v.<br><br>CONTRA COSTA COUNTY SOCIAL SERVICES, GENERAL ASSISTANCE PROGRAMS<br><br>Defendant.<br>_____/ | No. C14-2381 LB<br><br>**ORDER (1) GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND (2) DIRECTING THE CLERK OF THE COURT TO REASSIGN THIS ACTION TO A DISTRICT JUDGE**<br><br>**REPORT AND RECOMMENDATION**<br><br>[Re: ECF Nos. 1, 2 ] |

**INTRODUCTION**

Plaintiff Edgar Dugar III, who is proceeding pro se, filed a complaint for invasion of privacy, defamation, harassment, and intentional infliction of emotional distress against Defendant Contra Costa Social Services, General Assistance Programs in the United States District Court for the Northern District of California on May 22, 2014. Complaint, ECF No. 1 ("Complaint").[1] Plaintiff also filed an application to proceed *in forma pauperis* on May 22, 2014. Application to Proceed in Forma Pauperis, ECF No. 2. Despite three reminders, Mr. Dugar has neither consented nor declined to the undersigned's jurisdiction. *See* 5/29/2014 Clerk's Notice, ECF No. 4; 6/18/2014 Clerk's Notice, ECF No. 5; 6/30/2014 Clerk's Notice, ECF No. 6. Because the complaint presents only state

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

C 14-02381 LB
ORDER; REPORT AND RECOMMENDATION

1  claims on its face, and because the requirements for subject matter jurisdiction are not met, the court
2  finds no basis for federal jurisdiction. Accordingly, the court **GRANTS** Plaintiff's application to
3  proceed *in forma pauperis,* **ORDERS** that the Clerk of the Court reassign the action to a district
4  judge, and **RECOMMENDS** that the newly-assigned district judge **REMAND** the action to Contra
5  Costa County Superior Court.

## STATEMENT

On May 22, 2014, Plaintiff filed a Complaint. Complaint, ECF No. 1. The caption states four separate claims, all of which are alleged against Defendant, for: invasion of privacy; defamation; harassment; and intentional infliction of emotional distress. *Id.* at 1. None of which are separately alleged within the body of the Complaint. *See generally id.* Instead, Plaintiff alleges that a mental health counselor and her staff from the Contra Costa County Social Services disrespected Plaintiff due to his economic status and failed to honor his right to privacy during a therapy session. *See id.* at 3. Plaintiff alleges that "the defendant put all her clients in which request a mental health counseloring in a booth where her staff hear the lower class people problems." *Id.* 3-4. Plaintiff seeks $30,000.00 in compensatory damages and $100,000.00 in punitive damages. *Id.* at 5.

## ANALYSIS

### I. LEGAL STANDARD

#### A. IFP APPLICATION

Pursuant to 28 U.S.C. § 1915, a district court may authorize the commencement of a civil action *in forma pauperis* if it is satisfied that the would-be plaintiff cannot pay the filing fees necessary to pursue the action. 28 U.S.C. § 1915(a)(1). Upon review of Mr. Dugar's application, the court finds that he cannot pay the filing fees. Accordingly, the court **GRANTS** Mr. Dugar's application to proceed *in forma pauperis*.

#### B. SUBJECT MATTER JURISDICTION

Dismissal of a claim is appropriate under Federal Rule of Civil Procedure 12(b)(1) when the court lacks subject-matter jurisdiction over the claim. Federal subject-matter jurisdiction must exist at the time the action is commenced. *Morongo Band of Mission Indians v. Cal. Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988).

The "well-pleaded complaint" rule requires a federal question to be presented on the face of the plaintiff's complaint at the time of removal for federal-question jurisdiction to exist. *Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58, 63 (1987); *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). An actual or anticipated federal defense is not sufficient to confer jurisdiction. *Franchise Tax Bd. of California v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10 (1983); *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042-43 (9th Cir. 2009). Nonetheless, a plaintiff may not defeat removal by omitting necessary federal questions from his or her complaint. *Franchise Tax Bd. of California*, 463 U.S. 1 at 22.

Federal courts also have original jurisdiction where the opposing parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Thus, in removal cases where the purported basis of jurisdiction is diversity jurisdiction, removal is not permitted where a defendant in the case is a citizen of the state in which the plaintiff originally brought the action (even if the opposing parties are citizens of different states). *See* 28 U.S.C. § 1441(b).

Dismissal of a complaint without leave to amend should only be granted where the jurisdictional defect cannot be cured by amendment. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

## II. APPLICATION

### A. The Court Lacks Federal-Question Jurisdiction

Here, Plaintiff alleges claims against the Contra Costa County Social Services for invasion of privacy, defamation, harassment, and intentional infliction of emotional distress. ECF No. 1 at 1. Nothing in Plaintiff's Complaint suggests that Plaintiff intends to bring a federal claim against Defendant. Invasion of privacy, defamation, harassment, and intentional infliction of emotional distress claims do not arise under federal law and, without more, the court lacks federal-question jurisdiction. *See, e.g., Fed. Nat'l Mortg. Assoc. v. Lopez*, No. C 11-00451 WHA, 2011 WL 1465678, at *1 (N.D. Cal. Apr. 15, 2011); *GMAC Mortg. LLC v. Rosario*, No. C 11-1894 PJH, 2011 WL 1754053, at *2 (N.D. Cal. May 9, 2011); *Wescom Credit Union v. Dudley*, No. CV 10-8203 GAF (SSx), 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010).

### B. The Court Lacks Diversity Jurisdiction

As stated above, federal courts have original jurisdiction where the opposing parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Although the amount in controversy exceeds $75,000, here, the parties are not citizens of different states. Plaintiff is a resident of California, and Defendant is a public entity in the state of California. Complaint, ECF No. 1 at 1; *see* Cal. Gov't Code § 811.2. Therefore, the court lacks diversity jurisdiction.

### CONCLUSION

The court finds that it has neither federal question nor diversity jurisdiction over this action. Based on the foregoing, the court **GRANTS** Plaintiff's IFP Application, **ORDERS** the Clerk of the Court to reassign this action to a district judge, and **RECOMMENDS** that the newly-assigned district court judge **REMAND** the action to Contra Costa County Superior Court.

Any party may file objections to this Report and Recommendation with the district judge within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); N.D. Cal. Civ. L.R. 72. Failure to file an objection may waive the right to review the issue in the district court.

**IT IS SO ORDERED.**

Dated: July 16, 2014

_____
LAUREL BEELER
United States Magistrate Judge