UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST DUGAR, III,<br><br>    Plaintiff,<br><br>    v.<br><br>CONTRA COSTA COUNTY SOCIAL SERVICES, GENERAL ASSISTANCE PROGRAMS,<br><br>    Defendant. | Case No. 14-cv-02381-JD<br><br>**ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE** |

Mr. Ernest Dugar III, who is litigating this action pro se, filed his complaint on May 22, 2014. Dkt. No 1. On August 11, 2014, the Court dismissed Mr. Dugar's complaint with leave to amend because, even construing the complaint liberally, the Court found that it did not allege diversity jurisdiction or federal question jurisdiction. Dkt. No. 11. The Court gave Mr. Dugar until September 17, 2014 to amend his complaint to adequately allege federal subject matter jurisdiction. *Id.* Mr. Dugar did not amend his complaint. The Court issued an Order to Show Cause why the case should not be dismissed with prejudice for failure to prosecute on December 19, 2014. Dkt. No. 15. The Order to Show Cause required Mr. Duggar to respond by January 28, 2015, and stated that his failure to respond could result in this case being dismissed with prejudice for failure to prosecute. *Id.* Mr. Dugar did not respond to the Order to Show Cause. Because no amended complaint has been filed, this case is dismissed with prejudice.

## DISCUSSION

Federal Rule of Civil Procedure 41(b) provides the Court with authority to dismiss a case for failure to comply with any of its orders. Fed. R. Civ. P. 41(b); *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). "In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's

interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *See Espinosa v. Washington Mut. Bank*, No. C 10-04464 SBA, 2011 WL 334209, at *1 (N.D. Cal. Jan. 31, 2011) (citing *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002)).

These factors weigh in favor of dismissal. Mr. Dugar failed to file an amended complaint or respond to the Court's Order to Show Cause. With respect to the first factor, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Id.* (citing *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). For the second factor, the Court must be able to manage its docket "without being subject to routine noncompliance of litigants." *Pagtalunan*, 291 F.3d at 642; *see also Ferdik*, 963 F.2d at 1261 (discussing that non-compliance with a court's order diverts "valuable time that [the court] could have devoted to other major and serious criminal and civil cases on its docket."). For the third factor, due to Mr. Dugar's failure to respond to file an amended complaint or respond to this Court's Order to Show Cause, he has offered no explanation for his failure. This weighs strongly in favor of dismissal. *See Espinosa*, 2011 WL 334209, at *2. With respect to the fourth factor, the Court gave Mr. Dugar the opportunity to file an amended complaint and warned him that failure to do so could result in dismissal for failure to prosecute. *See* Dkt. No. 15. This is sufficient to satisfy the consideration of less drastic sanctions requirement. *See Ferdik*, 963 F.2d at 1262. Although the fifth factor -- the public policy favoring disposition of cases on their merits -- might weigh against dismissal on its own, the cumulative weight of the other factors overrides it. *See Pagtalunan*, 291 F.3d at 643 (finding district court did not abuse its discretion in dismissing case where three of the five factors weighed in favor of dismissal).

## CONCLUSION

Because Mr. Dugar was notified that his failure to file an amended complaint would lead to dismissal of this case with prejudice for failure to prosecute, and he failed to file an amended

2

complaint within the time period allowed by the Court, the case is dismissed with prejudice for failure to prosecute under Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: March 2, 2015

_____
JAMES DONATO
United States District Judge